UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LANEKHAN HONGSATHIRATH,
Petitioner.

vs.

CIVIL ACTION NO.
3:02 CV 2262 (MRK)

JOHN ASHCROFT, ATTORNEY
GENERAL, UNITED STATES OF
AMERICA, Respondent

JANUARY 20, 2004

### PETITIONER'S SUPPLMENTAL MEMORANDUM

Pursuant to the Court's permission granted during the conference call among the Court and counsel of January 5, 2004, and counsel for the Respondent's permission of January 20, 2004 (in the event this is a late filing) new counsel for the Petitioner respectfully files and submits the following material and arguments to supplement those previously presented.

SUMMARY

This case provides an opportunity to set the defining line for what constitutes sexual abuse of a minor under the federal immigration statutes. Because the subject matter is so emotionally charged and so "politically incorrect" these days, it is difficult to look at the subject matter from a rational, logical, historical and social prospective that avoids the

"knee jerk" reaction that any unwanted touching of a child's private parts constitutes sexual abuse. While no counsel wants to be in the position of trying to justify child abuse, undersigned counsel respectfully submits that this case does not involve child abuse as defined by Congress in the immigration statutes. Notwithstanding, should the Court find this to be, it would remove an entire class of cases from the state judicial system in a way that could lead to the wholesale breakup of families, the deprivation of families from rehabilitative counseling, and put young victims and their protectors in the untenable position of having to cover up situations rather than seeking help for them, for fear of having a parent deported.

The Petitioner also reasserts that he was not convicted of a crime of violence as defined by the Federal statute.

RELEVANT FACTS

The petitioner pled, under the Alford doctrine, to a combination of remedies and results. The Court can take judicial notice that, in effect, an Alford plea is a contract. Its terms and conditions are negotiated. Often, parts of the arrangement are conditional. For example a person pleading under the Alford doctrine, may receive a suspended sentence under conditions whose violation may reimpose it. Not all plea bargains are pleas under the Alford doctrine.

In this instance, the petitioner pled, under the Alford doctrine, to a **combination** of Risk of Injury to a Child, C.G.S. 53-21 and Sexual Assault in the Fourth Degree, C.G.S. 53a-73a, and received a suspended sentence. The **combination** indicates that it was the intention of the State of Connecticut to regard the sexual aspect of the plea to not arise to more than the level of Sexual Assault in the Fourth Degree. Sexual assault in the Fourth degree is not a crime of violence. Mere touching is not a crime of violence. State of

2

Connecticut v Hufford, 205 Conn 386, 393 (1987). "In this case there was mere touching." Id. Factually, nothing in the plea transcript describes the factual basis for the Alford plea, and the only reference to it is in the Petitioner's admission to "tickling." The Petitioner has specifically and consistently -- even within the context of his Alford plea -- maintained his innocence.

## WHETHER THE CATEGORICAL APPROACH HAS BEEN APPLIED TO CHILD ABUSE HAS YET TO BE DECIDED.

Whether the categorical approach used by the Second Circuit also applies to Child Abuse has yet to be decided, although, in Mugalli, infra, the approach taken by the Court was to determine whether the conviction was Child Abuse under the laws of the State of New York. Either approach conceptually requires ignoring the facts and instead looking at the range of factual situations that might be caught in a particular crime's figurative fishing net.

Assuming arguendo, that the "Categorical Approach" applies, Connecticut's Risk of Injury to a Minor statute pulls in a broader range of people than just Child Abusers.

Though the Petitioner does not waive the argument that the Risk of Injury statute is indivisible, even if, assuming arguendo, the statute is considered divisible, it is sufficient to satisfy the statute if a person "has contact with the intimate parts...of a child under the age of sixteen years." C.G.S. §53-21(2). [In this respect the Petitioner's counsel is modifying the argument previously submitted by prior appellate counsel which suggests additional elements]. Since the statute arguably encompasses even the act of changing a diaper, and arguably even children playing with other children can be charged under it, the statute cannot be construed as Child Abuse under the Federal statute nor should it be viewed as a Crime of Violence.

## CONNECTICUT ALREADY HAS A CHILD ABUSE STATUTE

Connecticut already has a statute that defines Child Abuse. Neither the Petitioner's conviction -- Alford or not -- nor his conduct -- to the extent there is any admissible record of it -- are Child Abuse as Connecticut defines it, even when it defines it broadly.

> "Abused" means that the child...(A) has been inflicted with <u>physical injuries</u> other than by accidental means, or (B) has <u>injuries</u> that are <u>at variance with the history</u> given of them, or (C) is in a <u>condition</u> that is the result of maltreatment such as, but not limited to, malnutrition, sexual molestation or exploitation, deprivation of necessities, emotional maltreatment or cruel punishment.
>
> C.G.S. §46b-120.

There is no evidence anywhere in the record that the child allegedly involved here had any injuries or that she suffered any condition whatsoever as a result of maltreatment.

## THE DEFINITION OF CHILD ABUSE IS PERMITTED TO VARY FROM STATE TO STATE.

Courts have noted that the Federal law was designed to float a bit from state to state, so just because conduct may be considered to be Child Abuse in state "A" does not mean it is so in state "B." <u>Mugalli v Ashcroft</u>, 258 F.3d 52 (2d Cir., 2001). The Connecticut standard for risk of injury to a minor is broader than the Federal standard for Child Abuse. <u>Mugalli</u> also stands for the proposition that the Courts should avoid a "cookie-cutter" approach in evaluating whether a particular situation is sexual abuse of a minor. Id., at

4

footnote 4, where the Court reserved judgment as to whether "flashing," constitutes Child Abuse.

## IT IS NOT A MATTER OF WHETHER MULTIPLE INSTANCES ARE REQUIRED.

The petitioner does not want to waste the Court's time arguing about whether multiple instances of conduct are required for Child Abuse. Clearly, there may be situations in which one instance is sufficient to constitute Child Abuse. For example, there is a good argument that a single incident of violent rape or torture should be sufficient.

On the other hand, however, a single incident of touching should not automatically constitute Child Abuse for the purpose of deportation.

## AN ALFORD PLEA MUST HAVE SOME VALUE FOR AN ALIEN

In at least some situations, a plea agreement differs from a Trial Conviction. The U.S. Supreme Court, in INS v. St. Cyr, 533 U.S. 289 (2001), recognized that there is a difference between a trial conviction and a plea bargain. It is the very basis for the concern over the retroactive application of certain statutes insofar as the Court's review of habeas jurisdiction.

Here, the petitioner has constantly maintained his innocence, the plea transcript says nothing negative, and he was given probation, hardly indicia of Child Abuse.

Further, a plea negotiation involves an assessment by criminal defense counsel of the legal landscape, and a risk-benefit analysis under the current conditions at the time of the plea bargain. At the time this plea bargain was entered into, the Immigration service was not, upon information and belief, attempting to deport persons who had pled guilty to risk of

injury to a minor and fourth degree sexual assault under the Alford doctrine under terms that involved probation using the sexual abuse provision. In fact, for the most part, the agency was, where it was pursuing even statutory rape cases, pursuing them as "crimes of violence." See, e.g. Chery v Ashcroft, supra. Accordingly, in entering this particular plea, the petitioner had no reasonable basis to believe he would as of consequence be removed.

CONCLUSION

It is no doubt tempting to label every illegal contact between a child and another human, whether adult or child, in a way that defines it as sexual abuse of a minor or a Crime of Violence. Under Connecticut law, the contact that the Petitioner was convicted of -- whether or not distinguished by the Alford doctrine, whether viewed under the "categorical approach" or viewed in its particular factual context -- neither constitutes a crime of violence nor sexual abuse of a minor for purposes of immigration removal.

THE PETITIONER

by Roberto T. Lucheme, Esq.
His Attorney
~~Juris Number~~ CT 09 911

41 Hebron Avenue
Glastonbury, CT 06033

Telephone: (860) 633-1962

6

## CERTIFICATION

I hereby certify that a copy of the above was mailed first-class, postage prepaid or hand delivered on January 20, 2004 to the following counsel of record.

Douglas Morabito
Assistant U.S. Attorney
157 Church St.
New Haven, CT  06508

Roberto T. Lucheme, Esq.