UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LANEKHAN HONGSATHIRATH, | : |
| Petitioner, | : NO. 3:02cv2262 (MRK) |
| v. | : |
| JOHN ASHCROFT, | : |
| Respondent. | : |

## RULING ON PETITION FOR HABEAS CORPUS

Petitioner has moved for a Writ of Habeas Corpus [doc. #1], seeking to reverse the decision of the Board of Immigration Appeals ("BIA") ordering him removed to Laos. For the reasons stated below, the Petition for Habeas Corpus (the "Petition") [doc. #1] is DENIED.

The facts of this case are straightforward and undisputed. Petitioner, a native and citizen of Laos, entered the United States as a refugee on approximately July 22, 1980, and became a permanent resident on September 19, 1981, based on his refugee status. Oral Decision of the Immigration Judge ("Oral Decision"), Amended Resp. to the Petition. [doc. #6], Ex. A., at 1. On March 30, 2000, Petitioner pleaded guilty to risk of injury to a child in violation of Conn. Gen. Stat. § 53-21(a)(2) and sexual assault in the fourth degree in violation of Conn. Gen. Stat. § 53a-73a. Record of Conviction, *Id.*, Ex. B. Petitioner was sentenced to a five year suspended sentence and five years probation on the first count and a one year suspended sentence and three years probation on the second count, with the sentences to be served concurrently. *Id.*

The INS charged that Petitioner was subject to removal as an aggravated felon under 8 U.S.C. § 1101(a)(43)(F) and 1101(a)(43)(A). *Id.*, Ex. C, D. A hearing was held before an immigration judge, who held, on October 2, 2001, that Petitioner's conviction for risk of injury to a minor constituted an "aggravated felony" under § 101(a)(43)(F) and 101(a)(43)(A) of the Immigration and Nationality Act and that Petitioner was thus subject to deportation. Oral Decision, at 8-9. The BIA affirmed the removal order without opinion on December 16, 2002. BIA Decision, Amended Resp. to the Petition. [doc. #6], Ex. E. Petitioner filed a petition for a writ of habeas corpus and a stay of removal [doc. #1] in this Court on December 20, 2002. On December 20, 2002, the Court ordered that Petitioner not be deported or removed from the United States until further order of the Court [doc. # 3].

Recently, in *Chery v. Ashcroft*, 347 F.3d 404 (2d Cir. 2003), the Second Circuit held that a conviction for sexual assault in the second degree under Conn. Gen. Stat. § 53a-71 is a "crime of violence" under 18 U.S.C. § 16(b) and thus constitutes a removable "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F). *Id.* at 406. The question presented by the Petition is whether *Chery*'s holding that sexual assault in the second degree, Conn. Gen. Stat. § 53a-71, constitutes a crime of violence and a removable aggravated felony applies equally to the crimes of risk of injury to a child, Conn. Gen. Stat. § 53-21(a)(2), or sexual assault in the fourth degree, Conn. Gen. Stat. § 53a-73a.[1] The Court concludes that it does and that *Chery*, therefore, requires denial of the Petition for Habeas Corpus.

To determine whether an offense is a crime of violence within the meaning of 18 U.S.C. §

---

[1] The Court gave the parties an opportunity to file supplementary memoranda in response to the Second Circuit's decision in *Chery* and Petitioner did so. *See* Petitioner's Supplemental Memorandum [doc. 12].

2

16(b), the Second Circuit employs a "categorical approach," which focuses on the "intrinsic nature of the offense rather than on the factual circumstances surrounding any particular violation." *Dalton v. Ashcroft*, 257 F.3d 200, 204 (2d Cir. 2001); *see Chery*, 347 F.3d at 407. In this Court's view, the statutory provisions under which the Petitioner in this case was convicted do not differ from § 53a-71 in any way that would require a different conclusion from that which Second Circuit reached in *Chery*. Though § 53a-71, which was the focus of *Chery*, deals with sexual *intercourse* with a minor while §§ 53-21 and 53a-73 address sexual *contact* with a minor,[2] the Court believes that the concerns that animate the *Chery* decision are equally applicable to crimes involving sexual contact with a minor. The Second Circuit in *Chery* made it clear that when an adult engages in criminal sexual activity with a victim who is unable to give consent, there is inevitably a substantial risk of physical force, not because of the particular nature of the sexual crime charged – sexual intercourse versus sexual contact – but rather because of the disparate ages of the defendant and the victim. The court

---

[2]§ 53-21 provides that:
(a) Any person who . . . (2) has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child. . . shall be guilty of a . . . class B felony for a violation of subdivision (2) of this subsection.

Conn. Gen. Stat. § 53-21

§ 53a-73a provides that:
(a) A person is guilty of sexual assault in the fourth degree when: (1) Such person intentionally subjects another person to sexual contact who is (A) under fifteen years of age. . .
(b) Sexual assault in the fourth degree is a class A misdemeanor or, if the victim of the offense is under sixteen years of age, a class D felony.

Conn. Gen. Stat. § 53a-73a

thus stated:

> Recognizing that § 53a-71 criminalizes sexual intercourse with a victim who is unable to give consent, we are persuaded that - when the victim cannot consent - the statute inherently involves a substantial risk that physical force may be used in the course of committing the offense. In short, because of the disparate ages of the defendant and the victim, or the mental incapacity or physical helplessness of the victim, or the defendant's position of authority over the victim, the crime, semper et ubique, includes a substantial risk of physical force.

*Chery,* 347 F.3d at 408-09.

The Court is fortified in its view that *Chery* is not limited to crimes of sexual intercourse but applies equally to crimes charging sexual contact with a minor by the decisions from other courts that *Chery* relied upon and quoted in reaching its holding. *See id.* at 409. Those decisions held that crimes similar to the sexual contact crimes charged in this case constituted crimes of violence within the meaning of 18 U.S.C. § 16(b). *See United States v. Alas-Castro,* 184 F.3d 812, 813 (8th Cir. 1999) ("sexual assault" of a minor is a crime of violence);*United States v. Velazquez-Overa*, 100 F.3d 418, 422 (5th Cir. 1996) ("indecency with a child by sexual contact" is a crime of violence); *Ramsey v. INS*, 55 F.3d 580, 583 (11th Cir. 1995) ("attempted lewd assault on child" is a crime of violence); *United States v. Reyes-Castro*, 13 F.3d 377, 379 (10th Cir. 1993) ("sexual abuse" is a crime of violence).

Consistent with *Chery*, this Court is persuaded that when, as here, a victim of felonious sexual contact cannot by law consent to the contact, the crime inherently involves a substantial risk that physical force may be used in the course of committing the crime. Because under *Chery* the crimes for which Petitioner was convicted are crimes of violence under 18 U.S.C. § 16(b) and thus aggravated felonies under 8 U.S.C. § 1101(a)(43)(F), Petitioner is properly subject to removal under 8 U.S.C. § 1227(a)(2)(A)(iii). The Petition for Habeas Corpus and

Stay of Removal [doc. #1] is therefore DENIED. The Court's previous order [doc. # 3] prohibiting the government from deporting or removing Petitioner from the United States is vacated.

IT IS SO ORDERED.

/s/       Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: June 10, 2004